IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBEISY MEDINA HURTADO,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:26cv775 |
| | ) | **Electronic Filing** |
| **FIELD OFFICE DIRECTOR, WARDEN OF MOSHANNON VALLEY PROCESSING CENTER,** | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

AND NOW this 15th day of October, 2026, upon due consideration of petitioner's motion to enforce this Court's Judgment Order of September 14, 2026, and the parties' submissions in conjunction therewith, IT IS ORDERED that [14] the motion be, and the same hereby is, granted.

Petitioner's central contention is that respondents failed to comply with this court's Judgment Order because she never was physically released from custody. Instead, respondents rearrested her before she was able to leave Moshannon Valley Processing Center. This assertedly runs afoul of being "released" as mandated by the Judgment Order and compliance requires respondents to permit her to leave Moshannon before rearresting her. And so petitioner requests the court now order her actual release.

Respondents contend that petitioner has been rearrested in a manner that complies with the court's order. They proffer only an I-286 Notice of Custody Determination to establish this

critical fact. The court finds this form in itself is insufficient to comply with the court's order of September 14, 2026.

The violation upon which the court granted relief was the respondents' misinterpretation of the scope and structure of 8 U.S.C. § 1225(b)(2) and the concomitant denial of the protections afforded by the process afforded under 8 U.S.C. § 1226(a), all of which amounted to petitioner being held in violation of the laws and constitution of the United States. In doing so the court observed that "Respondents' consistent position for ongoing detention has been § 1225(a)(2) and their recent notice does not identify any other statutory authority for detention." That defect continues to this day.

To cure this unlawful and unconstitutional violation respondents must show in the record before this court that they have purged that wrongful detention and petitioner is now being detained pursuant to some other statutorily authorized process that seemingly passes constitutional muster. Merely showing that they have offered petitioner a bond hearing does not cure the unlawful and unconstitutional detention upon which relief was granted. If they cannot make this showing, they must actually release petitioner from detention.

Congress authorized the seizure and detention of aliens who are discovered within the interior of the Country pending a decision on whether the individual is removable from the United States. 8 U.S.C. § 1226(a). That authority may be exercised through "a warrant issued by the Attorney General." Id. And the statute vests a considerable degree of discretion in the Attorney General as to whether to detain or release the alien on bond with various conditions. Id. at §§ 1226(a)(1) & (2).

Pursuant to this authority, the Secretary has promulgated regulations that govern aliens detained pursuant to § 1226(a). Detainees held pursuant to that authority may be released on

bond by Immigration and Customs Enforcement or an immigration judge "if the detainee 'demonstrate[s] ... that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding.'" Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274, 275 (3d Cir. 2018) (quoting 8 C.F.R. § 236.1(c)(8)). If detained at the initial bond hearing, a § 1226(a) detainee may request a custody redetermination hearing before an Immigration Judge. Id. (citing 8 C.F.R. § 236.1(d)(1)). A redetermination hearing will be held "only upon a showing that the alien's circumstances have changed materially." Id. (quoting 8 C.F.R. § 1003.19(e)). "Both the initial bond determination and subsequent custody decisions can be appealed to the Board of Immigration Appeals (BIA)." Id. (citing 8 C.F.R. § 236.1(d)(3)).

Moreover, the Secretary has established regulations which govern the authorization of detention and the detainee's ability to initiate review of decisions requiring detention. As a general matter, aliens may be detained under § 1226(a) when "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [detainee has been] arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R § 236.1(b). The immigration officers authorized to issue such warrants are identified in 8 C.F.R. § 287.5(e)(2) and those who are authorized to serve such warrants are listed in § 287.5(e)(3). 8 C.F.R. § 236.1(b)(1). The Secretary has implemented the established Form I-200 (Warrant for Arrest of Alien) to effectuate a properly authorized arrest warrant.

Applications for an initial redetermination hearing before an Immigration Judge by those administratively arrested and detained may be made orally, in writing or, if authorized by the immigration judge, by telephone. 8 C.F.R. § 1003.19. Such a request is to be made to 1) the

Immigration Court having jurisdiction over the place of detention; 2) the Immigration Court having administrative control over the case; or 3) the Office of the Chief Immigration Judge requesting a designation of the appropriate Immigration Court. Id. (in that order). The Secretary has promulgated Standard Form I-286 (Notice of Custody Determination) providing a detainee with notice of detention and the ability to request review of the detention decision by an immigration judge.

Here, the record fails to demonstrate that the respondents have properly exercised the authority provided under 8 U.S.C. § 1226(a) to arrest petitioner. There is no evidence that petitioner was "rearrested" at Moshannon pursuant to a valid warrant issued by the Attorney General. She simply was served with a Notice of Custody Determination. An administrative change in detention status does not satisfy the statutory directive needed to invoke the authority afforded to the Secretary under § 1226(a). To the contrary, the statute specifically directs the authority may be exercised through "a warrant issued by the Attorney General." Id. And the Secretary's own regulations establish that the detainee must be "arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R § 236.1(b). Because the record lacks this critical step and is insufficient to establish that the unlawful and unconstitutional detention has formally been purged pursuant to a proper exercise of some other statutory authority for petitioner's ongoing detention, the court will grant the motion to enforce and re-issue a directive to release petitioner unless and until respondents have provided lawful and constitutional justification for her ongoing detention.

In light of the above, the following order is appropriate:

- Respondents shall release petitioner forthwith from the unlawful and unconstitutional detention highlighted in the Court's September 14, 2026, Judgment Order;

- In the event petitioner is rearrested upon her release pursuant to a warrant issued by the Attorney General in accordance with his authority and the established regulations and practices under § 1226(a), or some other statutorily authorized process permitting arrest, then upon Petitioner's request respondents shall cause Petitioner to be taken before a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing, which hearing shall occur within established timelines and customary practices governing such proceedings; and

- In the event petitioner is rearrested upon her release, respondents shall ensure that any required hearing under § 1226(a) includes the required attributes of due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker in which Petitioner has the opportunity to testify and submit evidence, and with the record being disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. See Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

- Respondents also shall ensure that Petitioner is provided with interpretation services in Petitioner's native language during the hearing to the extent Petitioner is not sufficiently conversant in English; and

IT FURTHER IS ORDERED that respondents file a status report on the implementation of this order on or before October 22, 2026.

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Brendan T. Conway, AUSA

(*Via CM/ECF Electronic Mail*)

Robeisy Medina Hurtado
A244259765
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866

(*Via first class mail*)